1

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
ron@consumeradvocates.com
MICHAEL T. HOUCHIN (SBN 305541)
mike@consumeradvocates.com
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665
*Attorneys for Plaintiff and the Proposed Class*

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

SUSIE JEAN JOHNSON, on behalf of herself, all others similarly situated, and the general public,

        Plaintiff,

        v.

TROPICANA MANUFACTURING COMPANY, INC. a Delaware corporation; PEPSICO., INC., a North Carolina corporation,

        Defendants.

Case No:   '19 CV 1164 GPC KSC

**CLASS ACTION**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Susie Jean Johnson ("Plaintiff"), hereby brings this Action against Defendants Tropicana Manufacturing Company, Inc. and PepsiCo., Inc. ("Defendants" or "Tropicana"), alleging that Defendants' Tropicana Pure Premium 100% Orange Juice with Calcium & Vitamin D Product (the "Product") is misbranded and falsely advertised and otherwise violates consumer protection laws, and upon information and belief and investigation of counsel alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Defendants are citizens of different states from that of the Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative Class exceeds the sum or value of $5 million exclusive of interest and costs.

2. This Court has both general and specific personal jurisdiction over the Defendants because Defendants have conducted and continue to conduct substantial business in the State of California and in the County of San Diego. Plaintiff purchased the Product in the County of San Diego.

3. This Court has specific personal jurisdiction arising from Defendants' decision to advertise and sell the Product in California. Defendants have sufficient minimum contacts with this State and sufficiently avail themselves to the markets of this State through their manufacture, promotion, sales, and marketing of the Product to consumers within the State to render the exercise of jurisdiction by this Court reasonable.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendants has marketed and sold the Product at issue in this action within this judicial district, and they conduct business within this judicial district. Plaintiff also purchased the Product within this District.

CLASS ACTION COMPLAINT

## PARTIES

5. Plaintiff Susie Jean Johnson is an individual consumer over the age of eighteen who resides in La Mesa, California.

6. Defendant Tropicana Manufacturing Company, Inc. is a Delaware corporation that manufactures the Product. Plaintiff is informed and believes that Defendant Tropicana Manufacturing Company, Inc. maintains its principal place of business in Bradenton, Florida.  Defendant Tropicana Manufacturing Company, Inc. is registered to do business in the state of California as entity number C2326121.

7. Defendant PepsiCo., Inc. is a North Carolina corporation and is the parent company of Defendant Tropicana Manufacturing Company, Inc. Plaintiff is informed and believes that Defendant PepsiCo., Inc. maintains its principal place of business in Purchase, New York.  Defendant PepsiCo., Inc. is registered to do business in the state of California as entity number C1577264.

8. Defendants manufacture, advertise, market, distribute, and sell the Product in California.

## FACTUAL ALLEGATIONS

9. Defendants manufacture, distribute, advertise, market, and sell the Tropicana Pure Premium 100% Orange Juice with Calcium & Vitamin D Product (the "Product").

10. The Product is labeled as if its flavored exclusively with natural ingredients. For example, the Product shows a photo of an orange with a straw in it and says, "100% Orange Juice" and "Pure Premium."

11. Defendants intended to give reasonable consumers, like Plaintiff Johnson, the impression that the Product was all-natural by packaging, labeling, and advertising the Product in a manner that suggests the Product is all-natural. However, the Product contains d-l-malic acid, which is an undisclosed artificial flavoring ingredient.

12. A true and correct copy of the Product's front label is provided below:

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



- 4 -

CLASS ACTION COMPLAINT

**A.    Defendants Do Not Disclose that the Product is Artificially Flavored**

13.    The ingredients label on the Product states, "100% Pure pasteurized orange juice, calcium hydroxide, citric acid, **malic acid**, and vitamin D3." (emphasis added)

14.    The "malic acid" listed in the Product's ingredient list is an artificial flavor.

15.    Defendant failed to include the legally required "artificially flavored" disclosure on the Product's labels.

16.    Under these circumstances, the Product's labels violate California and federal statutes and state common law in multiple respects.

17.    First, because the Product contains additional flavoring ingredients that simulate and reinforce the characterizing flavor, the front label is required by law to disclose those additional flavors rather than misleadingly suggest that the product is naturally flavored.  (California Health & Safety Code § 109875 *et seq.,* (Sherman Law), incorporating 21 C.F.R. § 101.22.).[1]

18.    Second, the Product's ingredients list violates federal and state law because identifies, misleadingly, the d-l-malic acid flavoring only as the general "malic acid" instead of using the specific, non-generic name of the ingredient.  (*See* 21 C.F.R. § 101.4(a)(1)).

19.    Lastly, the Defendants conceal the true nature of the Product.  Defendants labeled the Product in a manner that suggests it is made with only natural flavors even though the Product contains d-l-malic acid – an undisclosed artificial flavor made from petrochemicals.

20.    There is a compound found in nature that is sometimes referred to informally as malic acid.

---

[1] California's Sherman Food, Drug and Cosmetic Act, California Health & Safety Code § 109875 *et seq.,* incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act.  An act or omission that would violate an FDCA regulation necessarily violates California's Sherman Law.  (Health & Safety Code, § 110100.)  Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

CLASS ACTION COMPLAINT

21.    The natural form of malic acid is correctly and specifically identified as "l-malic acid." L-malic acid occurs naturally in various types of fruits and vegetables.

22.    That, however, is not the compound that Defendants put in the Product. Instead, Defendants flavor the Product with a synthetic industrial chemical called d-1 malic acid,[2] in the form of a racemic mixture of d- and 1-isomers. This type of "malic acid" is not naturally-occurring but is manufactured in petrochemical plants from benzene or butane – components of gasoline and lighter fluid, respectively – through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

23.    Testing of the Product that was conducted on May 8, 2019 confirms the presence of artificial d-1 malic acid.

24.    The "d-1-malic acid" used by Defendants is an inexpensive synthetic chemical used in processed food products to make a tangy or tart taste, like one would expect from fresh fruits like oranges.

25.    Both the natural and unnatural forms of malic acid are considered "GRAS" (generally recognized as safe) for use as flavorings in foods marketed to adults[3]; the d-malic acid form, however, has never been extensively studied for its health effects in human beings.  Both forms confer a "tart, fruity" flavor to food products.[4]

26.    Although the malic acid that is placed in the Product to simulate its characterizing fruit flavor is d-1-malic acid – the artificial petrochemical – Defendants pretend otherwise, conflating the natural and artificial flavorings and deceiving consumers.

27.    Because the Product contains an artificial flavor, both federal and state law require the Product's front and back label to state the Product contains artificial flavoring.

---

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

[3] The d-1 form of malic acid, the one used by Defendants, is forbidden for use in baby foods out of health concerns if consumed by infants.

[4] https://thechemco.com/chemical/malic-acid/ (last visited June 20, 2019).

CLASS ACTION COMPLAINT

(21 C.F.R. § 101.22.)

28.    Neither the Product's front-label nor its back-label contains disclosures. Defendants intentionally designed the Product's labels without the required "Artificial Flavoring" disclosures to deceiving consumers into believing that the Product contains no artificial ingredients, artificial flavoring agents or artificial chemicals. It is currently unknown whether the Product is also contaminated with precursor chemicals used in the manufacture of d-1 malic acid.

29.    California law, incorporating and identically mirroring U.S. Food, Drug and Cosmetic Act regulations by reference, requires that a food's label accurately describe the nature of the food product and its characterizing flavors. (21 C.F.R. § 102.5(a).)

30.    Under FDA regulations, a recognizable primary flavor identified on the front label of a food product is referred to as a "characterizing flavor." (21 C.F.R. § 101.22.)

31.    FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavors by word, vignette, e.g., description of a fruit, or other means" then "such flavor shall be considered the characterizing flavor." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i).)

32.    "Orange Juice" is a primary recognizable flavor identified on the Product's front label. Orange Juice is a characterizing flavors under California and federal regulations.

33.    If a product's characterizing flavor is not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both of natural or artificial flavorings. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." (California's Sherman Law, incorporating 21 C.F.R. § 101.22(i)(3), (4).)

34.    A food product's label must also include a statement of the "presence or

- 7 -

CLASS ACTION COMPLAINT

absence of any characterizing ingredient(s) or component(s) … when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance … and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." (California's Sherman Law, incorporating 21 C.F.R. § 102.5(c).)  Such statements must be in boldface print on the front display panel and of sufficient size for an average consumer to notice.  (*Id.*)

35.    The synthetic d-l malic acid in the Product simulates, resembles, and reinforces the characterizing orange juice flavor for the Product.

36.    For example, the Product contains pure pasteurized orange juice, but it also contains d-l-malic acid, a synthetic flavoring material used to create, simulate, or reinforce the characterizing orange juice flavor.

37.    Under these regulations, Defendants were required to place prominently on the Product's front labels a notice sufficient enough to allow reasonable consumers to understand that the Product contained artificial flavorings.

38.    Defendants failed to do so, deceiving consumers and violating California law, federal law, and corresponding state common laws.

39.    Accordingly, Plaintiff and the Class were unaware that the Product contained artificial flavors when they purchased them.

40.    When purchasing the Product, Plaintiff and class members were seeking products of particular qualities that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

41.    Plaintiff is not alone in these purchasing preferences.  As reported in Forbes Magazine, 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy.  "All demographics [of consumers] – from Generation Z to Baby Boomers – say they would pay more" for such products, specifically including foods with no artificial flavors.[5]  Forty-one percent (41%) of consumers rated the absence

---

[5] *Consumers Want Healthy Foods - And Will Pay More For Them*"; Forbes Magazine, February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-

CLASS ACTION COMPLAINT

of artificial flavors in food products as "Very Important," and eighty percent (80%) of North American consumers are willing to pay a premium for foods with no artificial ingredients.[6]

42.    John Compton, the former CEO of Defendant PepsiCo., spoke to investors at the Morgan Stanley Consumer & Retail Conference, stating: "We have talked extensively to consumers about this idea, and they come back and tell us the number one motivation for purchase is products that claim to be natural."

43.    Defendants' labeling and advertising reflect these consumer preferences – not by making the Product solely with natural ingredients, but instead by concealing the fact that the Product is artificially flavored.

44.    California's Health & Safety Code states that "[a]ny food is misbranded if it is bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labelling states that fact." (California Health & Safety Code, § 110740.)

45.    California law requires Defendants to include sufficient notice on the Product's labels to alert California consumers that the Product is artificially flavored. Defendants failed to do so. Accordingly, Defendants' Product is misbranded and illegal to distribute or sell in California. (California Health & Safety Code, §§ 110740, 110760, 110765.)

46.    Because the Product violated California law, it was misbranded when offered for sale in California.

47.    Defendants ware aware that consumers, like Plaintiff and the Class, prefer natural products to those that are artificially flavored.

48.    Defendants deceived Plaintiff and the Class into purchasing the Product by

_____

want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; (last visited March 22, 2018).

[6] The Nielsen Company, Global Health and Wellness Survey, "Healthy Eating Habits Around the World," 2015; https://www.nielsen.com/content/dam/nielsenglobal/eu/nielseninsights/pdfs/Nielsen%20Global%20Health%20and%20Wellness%20Report%20-%20January%202015.pdf; (last visited March 22, 2018).

CLASS ACTION COMPLAINT

unlawfully concealing that it was artificially flavored.

49.     Plaintiff and the Class lost money as a result of Defendants' conduct because they would not have purchased the Product or would not have paid as much as they had in the absence of Defendants' misrepresentations and omissions.

**B. Plaintiff's Purchase of the Product**

50.     Plaintiff Johnson purchased the Product several times since April 2018 in San Diego County, California during the Class Period defined herein.

51.     Plaintiff Johnson's most recent purchase was in January 2019 at the Albertsons located 2899 Jamacha Road, El Cajon, CA 92019.

52.     Plaintiff Johnson was deceived by, and justifiably relied upon, the Product's deceptive labeling, which claimed it was "Pure Premium," and "100% Orange Juice." Plaintiff Johnson, like any reasonable consumer, believed that if a beverage states it is "premium" and 100% Orange Juice, then the beverage is not made with artificially ingredients. Ms. Johnson's belief was reaffirmed by Defendants' omission that the Product contains artificial flavoring.

53.     Plaintiff Johnson, as a reasonable consumer, is not required to subject consumer food products to laboratory analysis, to scrutinize the labels on the back of products to discover that its front label is false and misleading, or to search the labels for information that federal regulations require be displayed prominently on the front – and, in fact, under state law are entitled to rely on statements that Defendants deliberately place on the Product's labeling. Defendants, but not Plaintiff, knew or should have known that this labeling was in violation of federal regulations and state law.

54.     Because Plaintiff reasonably assumed the Product was free of artificial flavoring, based on the Product's labels, when it was not, she did not receive the benefit of their purchase. Instead of receiving the benefit of a product free of artificial flavoring, Plaintiff received the Product that was unlawfully labeled to deceive consumers into believing that they were naturally flavored and contained no artificial flavoring, in violation of federal and state labeling regulations.

CLASS ACTION COMPLAINT

55.    Plaintiff would not have purchased the Product in the absence of Defendants' misrepresentations and omissions.  Had Defendants not violated California law, Plaintiff would not have been injured.

56.    The Product was worth less than what Plaintiff paid for, and class members would not have paid as much as they had for the product absent Defendants' false and misleading statements and omissions.

57.    Plaintiff and the Class therefore lost money as a result of Defendants' unlawful behavior. Plaintiff and the Class altered their position to their detriment and suffered a loss in an amount equal to the amounts they paid for the Product.

58.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that the Product's labels, which indicate that the Product is naturally flavored, are lawful and consistent with the Product's ingredients.

## CLASS ACTION ALLEGATIONS

59.    Plaintiff bring this action on behalf of herself and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

60.    The California Class is defined as follows:

> All California citizens who made retail purchases of the Product in California on or after June 20, 2015 and until notice is disseminated to the Class, for personal use and not for resale, excluding Defendants and Defendants' officers, directors, employees, agents and affiliates, and the Court and its staff (the "Class").

61.    During the Class Period, the Product unlawfully contained the undisclosed artificial flavoring ingredient called d-l malic acid and was otherwise improperly labeled. Defendants failed to label the Product as required by California law.

62.    During the Class Period, the Class purchased the misbranded Product, and paid a price premium for the Product compared to similar products lawfully labeled.

63.    The proposed Class meets all criteria for a class action, including

CLASS ACTION COMPLAINT

numerosity, commonality, typicality, predominance, superiority, and adequacy of representation.

64.    This action has been brought and may properly be maintained as a class action against Defendants.    While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of members in the Class. The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

65.    The proposed Class satisfies typicality. Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Product, were deceived by the false and deceptive labeling, and lost money as a result of purchasing the Product that was illegal to sell.

66.    The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Product's retail purchase price which is generally about $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims.

67.    Because Defendants' misrepresentations were made on the labels of the Product, all Class members, including Plaintiff, were exposed to and continue to be exposed to the omissions and affirmative misrepresentations. If this action is not brought as a class action, then Defendants can continue to deceive consumers and violate California law with impunity.

68.    The proposed Class representative satisfies adequacy of representation. Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her interests do not conflict with the interests of the Class members, and she has no interests antagonistic to those of other Class members. Plaintiff has retained counsel competent in the prosecution of consumer fraud and class action litigation.

CLASS ACTION COMPLAINT

69.    There is a well-defined community of interest in questions of law and fact common to the Class, and these predominate over any individual questions affecting individual Class members in this action.

70.    Questions of law and fact common to Plaintiff and the Class include:

   i.   Whether Defendants failed to disclose the presence of the artificial flavoring ingredient d-l malic acid in the Product;

   ii.  Whether Defendants' labeling omissions and representations constituted false advertising under California law;

   iii. Whether Defendants' conduct constituted a violation of California's Unfair Competition Law;

   iv.  Whether Defendants' conduct constituted a violation of California's Consumer Legal Remedies Act;

   v.   Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

   vi.  Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

71.    Plaintiff will fairly and adequately protect the interests of the Class, has no interest that is incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

72.    Defendants have acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

73.    Class treatment is therefore appropriate under California law.

74.    Class damages will be adduced at trial through expert testimony and other competent evidence.

75.    California law holds that the price-premium consumers paid for the falsely-advertised Product, as a percentage of the Product's retail price, is a proper measure of Class damages.

CLASS ACTION COMPLAINT

76.     Food-industry consumer research is consistent and readily supports such estimates of that price-premium, as consumers quantitatively report that they seek out, value, and are willing to pay a premium for food products with no artificial flavors.

77.     On information and belief, based on publicly-available information, Plaintiff alleges that the total amount in controversy exclusive of fees, costs, and interest, based on the estimated price premium and revenue for sales to the Class in California during the proposed Class Period, exceeds $5 million.

## CAUSES OF ACTION

## I.

## FRAUD BY OMISSION

## Cal. Civ. Code §§ 1709-1710

## (by Plaintiff on behalf of the Class against Defendants)

78.     Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

79.     Plaintiff brings this claim for fraud by omission pursuant to California Civil Code §§ 1709-1710, *et seq.*

80.     Defendants actively concealed material facts, in whole or in part, with the intent to induce Plaintiff and members of the Class to purchase the Product. Specifically, Defendants actively concealed the truth about the Product by not disclosing the existence of artificial flavoring ingredients on the front label of the Product as is required by California and federal law.

81.     Plaintiff and the Class were unaware of these omitted material facts and would not have purchased the Product, or would have paid less for the Product, if they had known of the concealed facts.

82.     Plaintiff and the Class suffered injuries that were proximately caused by Defendants' active concealments and omissions of material facts.

83.     Defendants' fraudulent concealments and omissions were a substantial factor in causing the harm suffered by Plaintiff and the Class because they would not

CLASS ACTION COMPLAINT

have purchased the Product or would have paid less for the Product if all material facts were properly disclosed.

## II.

## NEGLIGENT MISREPRESENTATION

### Cal. Civ. Code §§ 1709-1710

### (by Plaintiff on behalf of the Class against Defendants)

84.    Plaintiff re-alleges and incorporates by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

85.    Plaintiff bring this claim for negligent misrepresentation pursuant to California Civil Code §§ 1709-1710, *et seq.*

86.    Defendants had a duty to disclose to Plaintiff and Class Members the existence of artificial flavoring ingredients on the front labels of the Product pursuant to California and federal law. Defendants were in a superior position to Plaintiff and the Class Members such that reliance by Plaintiff and the Class was justified. Defendants possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

87.    During the applicable Class period, Defendants negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the Product, including the existence of artificial flavoring ingredients.

88.    Defendants were careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and the Class would not have realized the true existence of artificial flavoring ingredients in the Product.

89.    Plaintiff and the Class were unaware of the falsity of Defendants' misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

90.    Plaintiff and the Class would not have purchased the Product, or would have paid less for the Product, if the true facts had been known.

CLASS ACTION COMPLAINT

**III.**

**VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT**

**Cal. Civ. Code §§ 1750, *et seq.***

**(by Plaintiff on behalf of the Class against Defendants)**

91.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

92.    The California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

93.    Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Product is a "good" as defined by Cal. Civ. Code § 1761.

94.    Defendants' failure to label the Product in compliance with federal and state labeling regulations, was an unfair, deceptive, unlawful, and unconscionable commercial practice.

95.    Defendants' conduct violates the CLRA, including but not limited to, the following provisions:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

96.    As a result of Defendants' violations, Plaintiff and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Product, which they would not have paid had the Product been labeled truthfully, and in the form of the reduced value of the Product purchased

CLASS ACTION COMPLAINT

compared to the Product as labeled and advertised.

97.    On or about June 6, 2019, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant PepsiCo. which complies with California Civil Code § 1782(a). Plaintiff sent PepsiCo., individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.

98.    Wherefore, Plaintiff seeks injunctive relief Defendants' violations of the CLRA. If Defendants fail to take the corrective action described in Plaintiff's CLRA letter within 30 days of the date that the letter was sent, then Plaintiff will seek leave to amend her complaint to add a claim for damages under the CLRA.

## IV.

## VIOLATIONS OF THE UNFAIR COMPETITION LAW
## (UNLAWFUL PRONG)
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (by Plaintiff on behalf of the Class against Defendants)

99.    Plaintiff re-allege and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

100.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice. Section 17200 specifically prohibits any "unlawful . . . business act or practice."

101.    The UCL borrows violations of other laws and statutes and considers those violations also to constitute violations of California law.

102.    Defendants' practices as described herein were at all times during the Class Period and continue to be unlawful under, *inter alia*, FDA regulations and California's Sherman Law.

103.    Among other violations, Defendants' conduct in unlawfully packaging and

CLASS ACTION COMPLAINT

labeling and distributing the Product in commerce in California violated U.S. FDA and California packaging and labeling regulations.

104.    The Product's front labels fail to disclose that it contains synthetic artificial flavoring and is not flavored with all natural orange juice in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

105.    The Product contains the synthetic d-l-malic acid flavoring ingredient.

106.    The d-l-malic acid is a synthetic flavoring material which creates, simulates, or reinforces the Product's characterizing "Orange Juice" flavor.

107.    The d-l-malic acid in the Product is not derived from any natural material as defined in the applicable state regulations and is therefore, by law, an artificial flavoring.

108.    Defendants fail to inform consumers of the presence of artificial flavors in the Product on the front label as required by law.

109.    Defendants' packaging, labeling, advertising, and marketing is intentionally designed to give consumers the impression that they are buying an all-natural product instead of a product that contains artificial flavors, and is therefore likely to deceive reasonable consumers.

110.    Defendants' conduct further violates other applicable California and federal regulations as alleged herein.

111.    Defendants' practices are therefore unlawful under Section 17200 *et seq*. of the California Business and Professions Code.

## V.

## VIOLATIONS OF THE UNFAIR COMPETITION LAW

## (UNFAIR PRONG)

### Cal. Bus. & Prof. Code §§ 17200, *et seq*.

### (by Plaintiff on behalf of the Class against Defendants)

112.    Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

113.    Section 17200 of the California Business & Professions Code ("Unfair

CLASS ACTION COMPLAINT

Competition Law" or "UCL") prohibits any "unfair . . . business act or practice." Defendants' practices violate the Unfair Competition Law "unfair" prong as well.

114.   Defendants' practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California residents and the utility of the conduct to Defendants does not outweigh the gravity of the harm to consumers.

115.   While Defendants' decision to label the Product deceptively and in violation of California law may have some utility to Defendants in that it allows Defendants to sell the Product to consumers who otherwise would not purchase an artificially-flavored product at the premium retail price, or at all, if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Product lawfully, this utility is small and far outweighed by the gravity of the harm inflicted on California consumers.

116.   Defendants' conduct with respect to the labeling, advertising, and sale of Defendants' Product is also unfair to consumers because it allows Defendants to sell the Product to consumers who otherwise would not purchase an artificially flavored product. The consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided.

117.   Defendants' conduct also injures competing beverage product manufacturers, distributors, and sellers that do not engage in the same unfair and unethical behavior.

118.   Moreover, Defendants' practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False Advertising Law, and the FDA regulations cited herein.

119.   Plaintiff's and the California Class's purchases of the Product all took place in California.

120.   Defendants labeled the Product in violation of federal regulations and California law requiring truth in labeling.

121.   Defendants consciously failed to disclose material facts to Plaintiff and the

- 19 -

CLASS ACTION COMPLAINT

California Class in Defendants' advertising and marketing of the Product.

122.  Defendants' conduct is unconscionable because, among other reasons, it violates 21 C.F.R. § 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

123.  Defendants' conduct is also "unconscionable" because it violates, *inter alia*, 21 C.F.R. § 101.22, which requires all food products for which artificial flavoring provides a characterizing flavor to disclose this fact prominently on the product's front label.

124.  Defendants intended that Plaintiff and the Class rely on Defendants' acts and omissions to induce them to purchase the Product.

125.  Had Defendants disclosed all material information regarding the Product, Plaintiff and the Class would not have purchased the Product or would only have been willing to pay less for the Product than they did.

126.  Plaintiff suffered an injury in fact and lost money or property as a result of Defendants' deceptive advertising: they were denied the benefit of the bargain when they purchased the Product based on Defendants' violation of the applicable laws and regulations, and purchased the Product in favor of competitors' products, which are less expensive, contain no artificial flavoring, or are lawfully labeled.

127.  The acts, omissions, and practices of Defendants detailed herein proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, the price premium of monies spent to purchase the Product they otherwise would not have, and they are entitled to recover such damages, together with appropriate penalties, including restitution, damages, attorneys' fees and costs of suit.

CLASS ACTION COMPLAINT

128.    Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code § 17200.

129.    Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to return to the Class the amount of money improperly collected.

## VI.

## VIOLATIONS OF THE UNFAIR COMPETITION LAW

## (FRAUDULENT PRONG)

## Cal. Bus. & Prof. Code §§ 17200, *et seq.*

## (by Plaintiff on behalf of the Class against Defendants)

130.    Plaintiff re-allege and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

131.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

132.    Defendants' practices as described herein are "fraudulent" within the meaning of the California Unfair Competition Law because Defendants' conduct is likely to mislead a reasonable consumer.

133.    The Product's front labels fail to disclose that it contains synthetic artificial flavoring and is not flavored with all natural orange juice in violation of 21 C.F.R. § 101.22 and California's Sherman Law.

134.    The Product contains the synthetic d-l-malic acid flavoring ingredient.

135.    The d-l-malic acid is a synthetic flavoring material which creates, simulates, or reinforces the Product's characterizing "Orange Juice" flavor.

136.    The d-l-malic acid in the Product is not derived from any natural material as

- 21 -

CLASS ACTION COMPLAINT

defined in the applicable state regulations and is therefore, by law, an artificial flavoring.

137.   Defendants fail to inform consumers of the presence of artificial flavors in the Product on the front label as required by law.

138.   Defendants' packaging, labeling, advertising, and marketing is intentionally designed to give consumers the impression that they are buying an all-natural product instead of a product that contains artificial flavors, and is therefore likely to deceive reasonable consumers.

139.   Defendants' conduct further violates other applicable California and federal regulations as alleged herein.

140.   Defendants' practices are therefore fraudulent under Section 17200 *et seq.* of the California Business and Professions Code.

## VII.

## VIOLATIONS OF THE FALSE ADVERTISING LAW

### Cal. Bus. & Prof. Code §§ 17500, *et seq.*

### (by Plaintiff on behalf of the Class against Defendants)

141.   Plaintiff re-alleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

142.   Defendants advertised and distributed, in California and in interstate commerce, the Product that unlawfully failed to disclose the presence of artificial flavoring as required by federal and state food labeling regulations.

143.   The Product's labeling and advertising in California presents the Product as if it were solely naturally-flavored and contain the natural fruit(s) shown on the labels.

144.   Under California's False Advertising Law ("FAL"), Business and Professions Code § 17500 *et seq.*,

> "It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising

CLASS ACTION COMPLAINT

device . . . any statement, concerning that real or personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof. Code § 17500.

145.  Defendants' labeling and advertising statements on the Product's labels and in advertising and marketing materials are "advertising device[s]" under the FAL.

146.  Defendants' labeling and advertising statements, which communicated to consumers that the Product was naturally flavored and omitted the fact that the Product contained a synthetic artificial flavor, were untrue and misleading, and Defendants at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

147.  Defendants' conduct violated California's False Advertising Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated in California, and the general public, pray for judgment against Defendants as follows:

A.  An order confirming that this action is properly maintainable as a class action as defined above;

B.  An order appointing Plaintiff as class representatives and The Law Office of Ronald A. Marron as counsel for the Class;

C.  An order requiring Defendants to bear the cost of Class notice;

D.  An order declaring that the conduct complained of herein violates the CLRA;

E.  An order declaring that the conduct complained of herein violates the UCL;

F.  An order declaring that the conduct complained of herein violates the FAL;

G.  An order requiring Defendants to disgorge any benefits received from Plaintiff and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Product;

H.  An order requiring Defendants to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was

CLASS ACTION COMPLAINT

1   acquired by means of any unfair, deceptive, unconscionable or negligent
2   acts;

3   I.     An award of punitive damages in an amount to be proven at trial;

4   J.     An order enjoining Defendants' deceptive and unfair practices;

5   K.     An order requiring Defendants to conduct corrective advertising;

6   L.     An award of pre-judgment and post-judgment interest;

7   M.     An award of attorney fees and costs; and

8   N.     Such other and further relief as this Court may deem just, equitable, or
9          proper.

10                                  **<u>JURY DEMAND</u>**

11          Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek
12   a jury trial for claims sounding in equity.

13

14   DATED: June 20, 2019                    Respectfully Submitted,

15

16

17                                           */s/ Ronald A. Marron*
                                             Ronald A. Marron

18
19                                           **LAW OFFICES OF RONALD A. MARRON**
                                             Ronald A. Marron
20                                           *ron@consumersadvocates.com*
                                             Michael T. Houchin
21                                           *mike@consumersadvocates.com*
                                             651 Arroyo Drive
22                                           San Diego, CA 92103
23                                           Telephone: (619) 696-9006
                                             Fax: (619) 564-6665
24
25                                           ***Counsel for Plaintiff and the***
                                             ***Proposed Class***
26

27

28

CLASS ACTION COMPLAINT